FILED
SUPERIOR COURT
OF GUAM

2019 MAY -2 AM 10: 49

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANTONE F. AGUON, ISAAC J. MANTANONA, MARYLOU S. SABLAN, HERBERT H. PETREE, JOHN P. SIQUENZA, LEODEGARIO M. BUAN, PAUL A. CRUZ, PETER J. CRUZ, CATHERINE M. CRUZ, JESSICA D. CONCEPCION,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSE B. PALACIOS in his capacity as Director of the Guam Department of Corrections,<br>and<br>LOURDES M. PEREZ in her capacity as Director of Guam Department of Administration,<br><br>Defendants. | Case No. CV1360-10<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

Plaintiffs have filed a motion for order to show cause because Defendants have failed to comply with an order to pay retroactive wages. This matter is before the Honorable Michael J. Bordallo. The ten Plaintiffs, Antone F. Aguon, Isaac J. Mantanona, Marylou S. Sablan, Herbert H. Petree, John P. Siquenza, Leodegario M. Buan, Paul A. Cruz, Peter J. Cruz, Catherine M.

Cruz, and Jessica D. Concepcion ("Plaintiffs"), are represented by Daniel S. Somerfleck, Esq. of Somerfleck & Associates, PLLC. The two Defendants, Jose B. Palacios in his capacity as Director of the Guam Department of Corrections and Lourdes M. Perez in her capacity as Director of Guam Department of Administration ("Defendants"), are represented by Assistant Attorney General David J. Highsmith. Having considered the arguments and the applicable law, the Court hereby **DENIES** Plaintiffs' motion for order to show cause.

## BACKGROUND

This matter arises out of Plaintiffs' motion, entitled "Motion for Contempt," filed on Aug. 24, 2018. It is a standard motion for order to show cause and will be referred to in this decision simply as "Motion." Defendants filed an opposition ("Opposition") on Sep. 18, 2018. An abnormal delay ensued due to a recording or scheduling error by the Court, for which the Court takes responsibility and apologizes to the parties. The Court has taken the matter under advisement.

## FACTS

1. The ten Plaintiffs, who are employees at the Guam Department of Corrections ("DOC"), brought a complaint on Aug. 13, 2010 claiming that the DOC and the Guam Department of Administration ("DOA") wrongfully failed to provide them proper compensation for overtime, hazardous duty, and night differential pay.

2. In a Decision and Judgment ("Decision") issued on Jun. 7, 2011, the Court sided with Plaintiffs and ordered Defendants to pay Plaintiffs retroactive wages and reasonable attorney's fees and costs.

3. Seven years later, on Aug. 14, 2018, Plaintiffs filed the Motion arguing that Defendants have thus far not paid Plaintiffs anything. Plaintiffs write, "[C]learly the Plaintiffs had the ability to comply, yet did not and has [sic] not done so." Mot. for Contempt 4.

4. Defendants admit in their Opposition that they have not complied with the Court order. They argue that in spite of their attempts to obtain money from the Guam Legislature to fulfill the Court's order, the legislature has not appropriated the funds, and thus it is impossible for Defendants to comply.

5. The matter is now before the Court.

## ISSUE

1. Whether to require Defendants to show cause for not complying with the Court's Decision.

## PRINCIPLES OF LAW

Contempt of court includes disobedience of any lawful court order. 7 Guam Code. Ann. § 34101(a)(5). In 2003 the Supreme Court of Guam explained the elements required for a court to find a party in contempt of a prior order. Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15. The Supreme Court held that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." Id. (citing In re Ivey, 102 Cal.Rptr.2d 447, 451 (Ct. App. 2000)).

The U.S. Supreme Court in United States v. Rylander stated that in a civil contempt proceeding, a defendant may assert a present inability to comply with a court order. United States v. Rylander, 460 U.S. 752, 757 (1983). The Court stated, "Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production." Id.

## ANALYSIS

In weighing the facts of the instant matter against the <u>Rodriguez</u> test, the Court finds that contempt is not justified because Defendants do not have the ability to comply with the Court's order. The first two elements of the <u>Rodriguez</u> test are satisfied. The Decision created a valid order by the Court, and Defendants had knowledge of that order. But Defendants have stated that in spite of their attempts to obtain funds from the Guam Legislature, they have not obtained the money. Therefore, they have no ability to comply with the order, thus failing the third element of the <u>Rodriguez</u> test. Defendants' failure to pay was not willful, thus failing the fourth element of the <u>Rodriguez</u> test. Plaintiffs intimate that Defendants once had the ability to comply with the order even if they presently no longer have that ability. However, the U.S. Supreme Court in <u>Rylander</u> has clarified that present ability to comply with the order is the determining factor. Defendants have stated that they have attempted to gain the necessary appropriations from the Guam Legislature but have failed. They have no other recourse to obtain the money, and therefore, they cannot comply with the order. The elements required for contempt under the <u>Rodriguez</u> test are not present. Therefore, the Court will deny Plaintiffs' Motion.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Plaintiffs' Motion for Order to Show Cause.

SO ORDERED, this _____ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

... VICE VIA COUR ...
...ck ...dge that a copy of the
...na. ...reto was placed in the
... of:

Samerk

5/2/19   Time: ...

Deputy Clerk, Superior Court of Guam